UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRA BRADFORD,<br><br>        Plaintiff,<br><br>    v.<br><br>ASIAN HEALTH SERVICES,<br><br>        Defendant. | Case No. 24-cv-01060-TLT<br><br>Alameda County: Case No. 23-cv-033070<br><br>**ORDER REMANDING ACTION TO STATE COURT AND ORDER DENYING STIPULATED REQUEST TO STAY**<br><br>Re: ECF Nos. 16, 17, 27 |

Before the Court is Plaintiff, Ira Bradford's Motion to Remand and the non-party United States' Motion to Remand. ECF Nos. 16, 17. Defendant, Asian Health Services, opposes both motions. ECF Nos. 18, 19. Both movants filed replies. ECF Nos. 20, 21. Also before the Court is a Stipulation to Stay Motions Pending a Ninth Circuit Ruling, signed by both parties along with the non-party United States. ECF No. 27. The Court finds that the motion to remand and request to stay suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).

The Court, having read and the pleadings, motions filed, opposition, reply and stipulations, and having duly considered all the arguments contained therein along with the evidentiary attachments, the Court **REMANDS** the action, and **DENIES** the request to stay as moot.

## I.   INTRODUCTION

Defendant Asian Health Services ("Defendant" or "AHS") is a private, nonprofit entity and provider of health services that has received some grant funding from the Health Resources and Services Administration, an agency of the United States Department of Health & Human Services ("HHS" or "the Department"). ECF No. 17 (Motion to Remand), at 7. Defendant must apply for funding, and it is estimated that about 7% of its total funding from April 2022 through March

2023 was derived from federal award funding. *Id.*

In May 2023, Defendant announced that it discovered a "data security incident" that had occurred in February 2023. *Id.* Suspicious activity in an employee's email account led it to conduct an investigation with "third-party experts" through which it "determined that an unauthorized person" may have accessed an email account that contained at least one patient's information. *Id.* at 7-8 (quoting an excerpt from a public website of Defendant's https://asianhealthservices.org/wp-content/uploads/2023/05/AHS-Data-Release.pdf) (last visited Mar. 22, 2204).

Plaintiff Ira Bradford is an individual that resides in California who has received services from Defendant. ECF No. 1-1 (Exhibit A to Notice of Removal ("Complaint")) ¶¶ 14, 15, 17. Plaintiff alleges his (along with the putative class members')[1] personal health information ("PHI") and/or personally identifiable information ("PII") was exposed due to the alleged unauthorized access. The data breach prompted the putative class action filed by Plaintiff. *See generally,* ECF No. 1-1 (Complaint).

Plaintiff filed the class action complaint initially in the Superior Court of California for the County of Alameda ("Alameda County" or "state court") alleging that Defendant failed to properly secure and safeguard Plaintiff's PHI and/or PII stored within Defendant's information network. ECF No. 1-1 (Complaint), at 3-4. Nine months after the class action complaint was filed in Alameda County, Defendant removed the action to federal court under 42 U.S.C. § 233(*l*)(2) and 28 U.S.C. § 1442(a)(1). ECF No. 1 (Notice of Removal), at 4-5. This removal was initiated after (1) discovery had commenced in state court, (2) Defendant had filed a demurrer, and (3) Plaintiff had responded to the demurrer.

On May 23, 2024, the parties, and non-party United States, filed a stipulation to stay the pending motions to remand pending resolution of the appeal in *Blumberger v. Tilley*, No. 22-56032 ("Blumberger"), currently pending in the Ninth Circuit. ECF No. 27.

---

[1] Unless otherwise stated, all references to "Plaintiff" include the putative class members.

2

## II. FACTS

Plaintiff alleges Defendant learned of a data breach on February 13, 2023 after discovering that an unauthorized person infiltrated an employee email account that was kept unprotected (the "Data Breach") contained highly sensitive PHI/PII. *See* ECF No. 1-7 (Exhibit F to Notice of Removal), at 3-4; *see also* ECF No. 1-1 (Complaint) ¶¶ 3, 6, 35. Plaintiff claims he was not notified of the Data Breach until, two and a half months later, on May 5, 2023. ECF No. 1-1 (Complaint) ¶¶ 4, 36, 38. Plaintiff further claims that they "were required to provide their PHI/PII to Defendant to receive services or employment and as part of providing services or employment. If is further alleged that Defendant created, collected, and stored Plaintiff's PHI/PII with the reasonable expectation and mutual understanding that Defendant would comply with its obligations to keep such information confidential and secure from unauthorized access." *Id.* ¶ 41. The information Defendant stored was ultimately affected by the Data Breach. *Id.* Plaintiff claims that he suffered imminent and impending injury arising from the substantially increased risk of fraud, identity theft and misuse resulting from their PHI and PII potentially being placed in the hands of criminals. *Id.* ¶¶ 9, 84, 85.

The Complaint does not appear to state that the PHI/PII was required in connection with any medical, surgical, dental, or related functions that Defendant rendered to Plaintiff. *See generally id.* One of the exhibits shows Plaintiff's "personal health information" and "limited personal health information" may have been accessed by an "unauthorized person—purporting to be an outside provider communicating with CLINICIAN about patient care" through the email account of a "dietician, certified educator, and [ ] AHS employee". ECF No. 1-3 (Exhibit C to Notice of Removal), at 2-3.

## III. PROCEDURAL HISTORY

On May 11, 2023, Plaintiff filed an action regarding this event in the state court. *See id.* The complaint alleges the following causes of action: (1) Negligence (*id.* ¶¶ 86-111); (2) Negligence *Per Se* (*id.* ¶¶ 112-121); (3) Breach of the Implied Contract (*id.* ¶¶ 122-130); (4) Breach of the Implied Covenant of Good Faith and Fair Dealing (*id.* ¶¶ 131-135); (5) California Confidentiality of Medical Information Act (Cal. Civ. Code § 56 *et seq*) (*id.* ¶¶ 136-143); (6)

California Customer Records Act (Cal. Civ. Code §§ 1798.80 *et seq.*) (*id.* at 31:6-32:12); (7) California Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq*) (*id.* at 32:13-34:20). Plaintiff does not bring claims for direct violations of HIPAA (or any other federal laws). *Id.* at 8. Instead, Plaintiff alleges Defendant engaged in various legal violations predicated upon the duties set forth in HIPAA. *Id.* at 8.

Defendant filed a demurrer in state court on August 22, 2023. *See Bradford v. Asian Health Svcs.*, Case No. 23-cv-033070, Docket No. 20. During this time, Defendant claims it was covered by HHS because of a letter Defendant claims "deemed" it an entity from January 1, 2023 through December 31, 2023. ECF No. 1-2 (Exhibit B to the Notice of Removal). The Parties litigated the case in state court, propounding and answering a full round of formal discovery. ECF No. 16 (Plaintiff's Motion), at 9:3-7; ECF No. 16-1 (Declaration of Elizabeth Klos in support of Plaintiff's Motion ("Klos Decl.")) ¶ 5.

Throughout this process, the parties also engaged in discussions about the possibility of ADR and settlement. *See e.g.*, ECF No. 29 (Plaintiff's Responses to Court's Notice of Questions) ¶¶ 1-3; ECF No. 30 (Defendant's Responses to Court's Notice of Questions), at 2:9-15. Given the prospect of settlement, the Parties continued the demurrer's briefing schedule multiple times. ECF No. 16 (Plaintiff's Motion), at 9:3-7. However, the Parties failed to settle the case in December 2023. A couple months later on February 20, 2024, Plaintiff filed his response to the demurrer; the filing was one day before Defendant's removal on February 21, 2024. *Id.*

On January 5, 2024, about a month and a half before the Plaintiff's response to the demurrer was filed, Defendant forwarded the United States Attorney a copy of the Summons and Complaint. ECF No. 1-4 (Exhibit D to Notice of Removal), at 2; ECF No. 21-1 (Declaration of Robert H. Murphy in support of United States' Reply to Motion to Remand ("Murphy Decl.")) ¶ 4. Defendant notified the United States Attorney it was attempting to invoke immunity to the suit under 42 U.S.C. § 233(a) and have the United States substitute it as the only defendant. ECF 1-4 (Exhibit D to the Notice of Removal) ¶ 29.

On January 9, 2024, the Office of the General Counsel for HHS requested additional information from Defendant for a process that is colloquially referred to as scoping. The purpose

4

1  of scoping is to determine whether a health center's deeming determination applies to a particular
2  case. ECF No. 21-1 (Murphy Decl.) ¶¶ 1, 5.

3  On January 12, 2024, the United States Attorney filed a 42 U.S.C. § 233(*l*)(1) Notice in
4  state court informing the Parties that the United States had not made a coverage decision regarding
5  the Defendant. *Id.* Despite the Notice, on February 21, 2024, Defendant removed the action to
6  this Court.

7  Defendant claims: (1) the United States' appearance was insufficient, permitting Defendant
8  to remove the action under 42 U.S.C. § 233(*l*)(1); and (2) Defendant's removal is proper under 28
9  U.S.C. § 1442(a)(1) because it is acting as an officer of the United States, or a person acting under
10 an officer of the United States. *See* ECF No. 16-1 (Exhibit A to Klos Decl.), at 6.

11 On January 17, 2024, Defendant informed the Department that partial responses to the
12 Department's request for additional information had been uploaded to a Box.com account and that
13 a requested narrative statement would be forthcoming. ECF No. 21-1 (Murphy Decl.) ¶ 6. On
14 February 5, 2024, Defendant emailed the Department to inform it that the remaining narrative,
15 presumably the additional information requested, had been uploaded to Box.com. *Id.* at ¶ 7.
16 Eight days later, on February 13, 2024, Defendant submitted a revised version of the narrative
17 report. *Id.* ¶ 8. The following day, February 14, 2024, Defendant submitted a third version of
18 the narrative report. *Id.* ¶ 9.

19 Subsequently, on March 4, 2024, Elizabeth Klos emailed Tina Louie at the United States
20 Attorney's office, requesting the coverage decision regarding Defendant. *Id.* ¶ 3. Finally, on
21 March 6, 2024, Sapna Mehta, Assistant United States Attorney, emailed Elizabeth Klos the
22 following: "The United States issued its coverage decision to [AHS] today. The government
23 declined coverage and will not be seeking to substitute for [AHS] in the case." ECF No. 16 (Klos
24 Decl.) ¶ 3; ECF No. 16-1 (Exhibit 1 to Klos Decl.) at 6.

25 **IV.   LEGAL STANDARD**
26     **A.   Removal Jurisdiction Under 42 U.S.C. § 233(*l*)(2)**
27 A party may remove a civil action filed in state court if the action could have originally
28 been filed in federal court. 28 U.S.C. § 1441(a). The general rule is that if the case stated by the

5

initial pleading is removable, the removing party has 30 days from receipt of the pleading to file a Notice of Removal. § 1446(b)(1). Otherwise, the defendant has 30 days after receipt, "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). When there is a civil action or proceeding against commissioned officers or employees, it is possible that there is an exclusive remedy under 42 U.S.C. § 233:

> The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, or by alternative benefits provided by the United States where the availability of such benefits precludes a remedy under section 1346(b) of Title 28, for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a).

In such cases, the actions may be removed if certain procedural requirements are met:

> Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merit that the case so removed is one in which a remedy by suit within the meaning of subsection (a) of this section is not available against the United States, the case shall be remanded to the State Court…

42 U.S.C.A. § 233(c).

The Attorney General's appearance must be within 15 days after notification of the filing:

> If a civil action or proceeding is filed in a State court against any entity described in subsection (g)(4) or any officer, governing board member, employee, or any contractor of such an entity for damages described in subsection (a), the Attorney General, within 15 days after being notified of such filing, shall make an appearance in such court and advise such court as to whether the Secretary has determined under subsections (g) and (h), that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding. Such advice shall be deemed to satisfy the provisions of subsection (c) that the Attorney

General certify that an entity, officer, governing board member, employee, or contractor of the entity was acting within the scope of their employment or responsibility.

42 U.S.C. § 233(*l*)(1).

Under 42 U.S.C. § 233(*l*)(2) an entity may petition for removal if the Attorney General fails to appear in State court.

> (2) If the Attorney General fails to appear in State court within the time period prescribed under paragraph (1), upon petition of any entity or officer, governing board member, employee, or contractor of the entity named, the civil action or proceeding shall be removed to the appropriate United States district court.

42 U.S.C. § 233(*l*)(2).

Subsection (2) does not prescribe the type of appearance that the Attorney General must make, and therefore does not require a simultaneous certification. Moreover, the purpose of 42 U.S.C. § 233(*l*)(2) is to "protect a covered defendant against a default judgment due to the Attorney General's untimeliness, rather than a negative coverage determination." *El Rio Santa Cruz Neighborhood Health Ctr., Inc. v. U.S. Dep't of Health & Human Svcs.*, 396 F.3d 1265, 1272 (D.C. Cir. 2005). The government appearing in state court within the health center's responsive pleading deadline alleviates the risk of the entry of a default judgment. *See id.*

### B. Removal Jurisdiction Under 28 U.S.C. § 1442(a)(2)

Under 28 U.S.C. § 1442(a)(2), a federal officer may remove an action to federal court from state court. If the case stated by the initial pleading is removable, then the federal officer has 30 days from receipt of the pleading to file a Notice of Removal. *Id.* § 1446(b)(1). Otherwise, the defendant has 30 days after receipt, "through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 371 F.3d 1117 (9th Cir. 2004).

### C. Attorney's Fees and Costs Under 28 U.S.C. § 1447(c)

Upon granting a motion to remand, the Court may order the defendant to pay plaintiff costs

and expenses, including attorney's fees. This section states:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

*Id.*

Courts award attorney's fees either due to "unusual circumstances" or "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141.

### D. Stay

In determining whether to issue a stay pending an appeal, courts consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). According to Supreme Court precedent, "[a] stay [pending appeal] is not a matter of right, even if irreparable injury might otherwise result." *Nken*, 556 U.S. at 433. "The granting of a stay is 'an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case.'" *Al Otro Lado v. Wolf*, 952 F.3d 999 1006 (9th Cir. 2002).

## V.  DISCUSSION

### A. Removal Jurisdiction Under 42 U.S.C. § 233(*l*)(2)

The method for calculation removal is contained in 28 U.S.C. §1446(b)(3). The time for removal is when the 30-day window for filing a notice of removal begins, that is, when "it may be first ascertained that [a] case . . . is or has become removable." *See* 28 U.S.C. §1446(b)(3). Plaintiff and the United States argue the clock for removal had not begun, and could not have begun, because the United States did make an appearance in state court. *See e.g.,* ECF No. 21

1  (United States' Reply), at 8:7-22.  Defendant, in response, argues that even though the United

2  States appeared timely, it had not rendered a decision.  According to Defendant, that meant the

3  action became removable because there was no decision rendered by the United States that

4  Defendant was "deemed to be an employee of the Public Health Service for purposes of [§ 233]

5  with respect to the actions or omissions that are the subject of such civil action or proceeding."

6  *See* § 233(*l*)(1).  The purpose of § 233(*l*)(2) is to make sure a default is not entered against the

7  Defendant.  *See El Rio*, 396 F. 3d at 1272.  Defendant agrees that this is the purpose.  *See* ECF No.

8  19 (Opposition to Plaintiff's Motion), at 11:20-22.  With the United States' appearance, there is no

9  risk of default, so the purpose of § 233(*l*)(2) is furthered by that appearance.  *See El Rio*, 396 F. 3d

10  at 1272.   Removal under § 233(*l*)(2) therefore becomes unnecessary.  *See id*.

11  It is undisputed the United States Attorney appeared in state court within the 15-day

12  period.  Defendant admits it delivered the summons and complaint to the Department and the

13  United States Attorney's Office on January 5, 2024.  ECF No. 1 (Notice of Removal) ¶ 29.

14  Defendant also acknowledges the United States Attorney's 42 U.S.C. § 233(*l*)(1) notice was filed

15  in state court on January 12, 2024.  *Id.* ¶ 30; ECF No. 1-6 (Exhibit F to the Notice of Removal).

16  January 12, 2024 is seven days after receipt of the summons and complaint.  At the time of

17  removal, Defendant had not received the requisite certification showing that § 233(*l*)(1) applied to

18  this particular case.  *See* ECF No. 21-1 (Murphy Decl.) ¶¶ 1, 5.  As a result, according to Plaintiff,

19  there was no basis for removal.  *See* ECF No. 16-1 (Klos Decl.) (showing emails regarding the

20  government denying certification as a deemed entity).

21  Under the Ninth Circuit's rule, "it may be first ascertained that [a] case . . . is or has

22  become removable" when the basis for removal is "unequivocally clear and certain."  *Dietrich v.*

23  *Boeing Co.*, 14 F.4th 1089, 1094 (9th Cir. 2021).  The Ninth Circuit adopted this standard to

24  "bring certainty and predictability to the process of removals," "avoid gamesmanship in pleading

25  [to] prevent plaintiffs from strategically starting the removal clock without the defendants'

26  realization," and "guar[d] against premature and protective removals . . . ."  *Id.* (citing *Harris v.*

27  *Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005)) (internal quotations omitted).  Plaintiff

28  argues once the United States appeared in the state court action, the case was removable because

1   there was no deeming determination.  However, because the United States did appear, and
2   appeared timely, it was not "unequivocally clear and certain" that the case was removable under §
3   233(c) since there was no deeming determination rendered.  *See Dietrich*, 14 F.4th at 1094.
4       Defendant argues that "[t]he key to removal under § 233 (*l*)(1)—for a federal forum to
5   ascertain the availability of a federal defense—is the existence of the favorable deeming
6   determination as to the past period in which the events giving rise to the claim occurred (much like
7   an occurrence-based insurance policy)." ECF No. 19 (Opposition to Plaintiff's Motion), at 11:13-
8   16.  However, even if in the past Defendant had a favorable deeming determination that does not
9   mean the deeming determination is for all purposes and for all periods.  In such an instance, where
10  only a past deeming determination was available, remand would be appropriate.  *See Thomas v.*
11  *Phoebe Putney Health Sys., Inc.*, 972 F.3d 1195, 1202 (2020) (although the government itself
12  removed the action under § 233(a) and (c) of the FSHCAA, the court still found that a later
13  withdrawal of the certification of scope of employment warranted a remand).  Defendant also
14  argues Section 233(a) covers the claims Plaintiff brings relating to the data breach and that such
15  claims arise, or are connected to, Defendant's performance of medical, surgical, dental, or related
16  functions.  *See* ECF No. 18 (Opposition), at 13:18-16:17.  Given the Court's ruling that the
17  removal was untimely, the Court need not discuss whether the deeming determination by the
18  government was proper or not.  In any event, the state court can adjudicate any dispute regarding
19  the deeming determination.  *See Sherman v. Sinha*, 843 Fed. Appx. 870, 873 (2021).
20      Defendant cites *De Martinez v. Lamagno*, 515 U.S. 417, 428 (1995) for what the Court
21  interprets as an argument that removal is proper on the grounds the government's deeming
22  determinations should be reviewed insofar as they do not support immunity.  *See e.g.,* ECF No. 19
23  (Opposition to Plaintiff's Motion), at 5:16-25.  Relying on *De Martinez*, Defendant argues there is
24  a "strong presumption in favor of judicial review of government action affecting the rights and
25  liabilities of parties to litigation," since a "prospective deeming determination by the Secretary is
26  'final and binding' on the Attorney General as a matter of law. 42 U.S.C. § 233(g)(1)(F)." *Id.* at
27  19:14-25.
28      In *De Martinez*, the Court held the Attorney General's scope-of-employment certifications

under the Westfall Act are subject to judicial review. *Nken*, 556 U.S. at 434. The *De Martinez* court found that "[t]he United States Attorney, acting pursuant to the statute commonly known as the Westfall Act, 28 U.S.C. § 2679(d)(1), certified on behalf of the Attorney General that [the defendant] was acting within the scope of his employment at the time of the episode." *Id.* at 417. The *De Martinez* defendant was undisputedly a federal employee; the certification by the government therefore related to whether the defendant was acting within the scope of his employment at the time the plaintiff was harmed. *See id.* at 417, 420-422. *De Martinez* is not exactly on point because there has been no showing Defendant is a federal employee or entity that falls within the scope of the Westfall Act.

Even if the Court broadened the *De Martinez* holding and its principal regarding whether there is judicial review available, remanding this action does not go against the *De Martinez* holding. The Defendant is not without process to challenge any deeming determination made by the government. *Sherman*, 843 Fed. Appx. at 873 ("[T]he defendant may petition the state court to find that the defendant was acting within the scope of her federal office or employment and that *if* the court so certifies, the Attorney General *may* then remove the case to the appropriate district court.") (emphasis in original). Given the above, the action is not removable under § 233.

### B. Removal Jurisdiction Under 28 U.S.C. § 1442(a)(1)

Finally, Defendant argues it is a federal officer under § 1442 and acting under a federal officer under § 1442(a)(1) and therefore removal is proper. *See* ECF No. 18 (Opposition), at 16:10-19:6, and 19:7-20:28. In support, Defendant relies on the history of the FSHCAA and health center program along with Defendant's receipt of an annual certification that it was a deemed entity in the past. ECF No. 17, at 11-14, 17:27-18:4. However, those items do not necessarily, or automatically, mean that removal is proper under § 1442(a)(1). They do not address the circumstances regarding the actions or omissions that are the subject of this civil action. *See O'Brien v. United States*, 56 F.4th 139, 148–49 (1st Cir. 2022) ("We hasten to add that the Secretary's annual 'deeming' determination does not conclusively establish PHSA and FTCA coverage with respect to a particular lawsuit when, as in this case, an action is brought against a physician affiliated with a federally funded health center. Rather, coverage hinges on the

circumstances in which care has been provided.  *See* 42 U.S.C. § 233(g)(1)(B)-(C). With respect to patients of the health center, coverage is straightforward: the Secretary's 'deeming' determination 'appl[ies] with respect to services provided' to 'all patients of the entity.' *Id.* § 233(g)(1)(B)(i).").

Furthermore, a deeming determination must be made with respect to a particular lawsuit before removal since certification "under FSHCAA does not necessarily cover all of the organization's employees or all of an employee's activities." *Sherman*, 843 Fed. Appx. at 873 ("Providing the Attorney general with the opportunity to consider the issue is a prerequisite to federal jurisdiction" so early removal prior to that certification is premature).  The Ninth Circuit therefore has addressed a circumstance when the Attorney General appears in state court, and that satisfies § 233(*l*)(1) thus preventing a removal under § 233(*l*)(2).  Defendant removed the action prior to receiving the required deeming determination by the government for the relevant time period and activities, so the removal was untimely under both § 1442 and § 233(*l*)(1).

Defendant argues removal is proper under § 1442(a)(1) because, one, Defendant and its employees are federal officers under § 1442(a)(1), ECF No. 18, at 16:8-19:6, and two, because Defendant was acting under a federal officer within the meaning of § 1442(a)(1).  ECF No. 18 (Opposition), at 19:7-20:28.  Defendant cites *Watson*, 551 U.S. at 152 to support its claim that even if it is not recognized as a federal employee or officer, it qualifies as a person acting under a federal officer.  Even if the Court found Defendant was a "federal officer" under § 1442(a)(1) or "acting under a federal officer", Defendant claims the facts alleged in its initial pleading are the basis for its claim that it is a "federal officer" or "acting under a federal officer."  That means the Defendant's removal was not within 30 days of the receipt of the initial pleading as required under § 1446(b)(1).  Accordingly, the Court finds removal improper under § 1442(a)(1) for the reasons stated above.

### C. Attorney's Fees and Costs

The Court has discretion to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" under "unusual circumstances" or "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141.  Defendant's basis for removal was the United States had appeared but had not

1  rendered an ultimate decision regarding whether Defendant was a deemed entity.  ECF No. 1
2  (Notice of Removal).  In its Opposition however, Defendant states removal jurisdiction is proper
3  because Defendant and its employees are federal officers under 28 U.S.C. §1442(a)(1).  *See e.g.*,
4  ECF No. 19 (Opposition to Plaintiff's Motion), at 15-18.

5  Even if the Court agreed, Defendant's removal would be untimely as the clock for removal
6  would have started either: (1) On the date of the initial pleading (May 11, 2023) under §
7  1446(b)(1); or (2) on the date "it may be first ascertained that the case is one which is or has
8  become removable" under § 1446(b)(3), which would have been on January 5, 2024 when AHS
9  emailed HHS that it had been served with the case initiating papers.  ECF No. 1-4 (Exhibit D to
10 Notice of Removal), at 2.  In either of the above scenarios, removal is untimely.  Moreover, the
11 state court can adjudicate all the causes of action brought by Plaintiff and was doing so already.  In
12 state court, there had already been nine months of litigation (discovery, settlement discussions and
13 motions—including motions likely still pending).  The state court can also adjudicate any of
14 Defendant's disputes regarding deeming determinations.  As such, removing the action to federal
15 court is not "objectively reasonable."  *See Martin*, 546 U.S. at 141; *see also Sherman*, 843 Fed.
16 Appx. at 873.  Given the above, the Court finds that Defendant "lacked an objectively reasonable
17 basis for seeking removal."  *Martin*, 546 U.S. at 141.

18 **D.  Stay**

19 The parties, along with the non-party United State, filed a stipulation to stay this action
20 pending the resolution of the Ninth Circuit's decision in *Blumberger*.  The Court finds that there
21 has not been a showing of irreparable injury to any of the parties, or the non-party United States,
22 absent a stay.  First, the language in the stipulation appears to convey that the parties stipulating
23 are not entirely certain whether and to what extent a *Blumberger* decision would affect this action.
24 Their uncertainty is understandable because in *Blumberger*, there is no dispute that the
25 *Blumberger* plaintiff's claims in that civil action arose from the *Blumberger* defendant's
26 "performance of medical, surgical, dental, or related functions" since that case is a medical
27 malpractice case.  *See* 42. U.S.C. § 233(a).
28 Here, on the other hand, it is not clear that the Defendant is even entitled to FTCA

1    coverage since the action is based upon Plaintiff's "personal health information" and "*limited*

2    personal health information" that *may* have been accessed through the email account of a

3    "dietician, certified educator, and [ ] AHS employee" by an "unauthorized person—purporting to

4    be an outside provider communicating with CLINICIAN about patient care".  ECF No. 1-3

5    (Exhibit C to Notice of Removal), at 2-3 (emphasis added).  Furthermore, in *Blumberger*, the

6    United States appeared and rendered an ultimate decision regarding coverage.  In this case, the

7    United States appeared in state court, but had yet to render an ultimate decision regarding

8    coverage.  *See Sherman*, 843 Fed. Appx. at 873 ("Providing the Attorney general with the

9    opportunity to consider the issue is a prerequisite to federal jurisdiction" so early removal prior to

10   that certification is premature).

11   Second, even if the Ninth Circuit's decision to be issued in *Blumberger* were to affect this

12   action, there has not been a strong showing of a "reasonable probability" or "fair prospect" of

13   success on the merits for the reasons stated above.  *See Federal Trade Commission v. Qualcomm*

14   *Inc.*, 935 F.3d 752, 755 (9th Cir. 2019) (citing *Leiva-Perez v. Holder*, 640 F.3d 962, 966-67 (9th

15   Cir. 2011)).  Third, both parties, and the non-party United States, together requested a stay, with

16   no opposition to request.  At the same time, there has been no showing by any of the parties

17   regarding a sufficient irreparable injury absent a stay.  There has also been no showing that,

18   without a stay, other parties would be substantially injured.

19   Finally, the stipulating parties have not shown the public interest is served by staying the

20   matter.  While the public has an interest in judicial economy, that interest would not be furthered

21   by a stay.  Remanding the action to state court, where litigation had progressed for months,

22   discovery had commenced, and motions filed, would promote judicial economy more than

23   keeping the action in federal court.  Plus, the parties (along with the non-party United States)

24   could have requested the stay prior to briefing the Motion to Remand, since they presumably knew

25   about *Blumberger* before fully briefing the remand papers.  On balance, there has not been a

26   sufficient showing that staying the two motions to remand is appropriate.

27

28

## VI. CONCLUSION

For the reasons stated above, the Court **REMANDS** this action to the Superior Court of California, County of Alameda where it was originally filed as Case No. 23-cv-033070. The request to stay the two motions to remand is **DENIED as moot**.

The Court **ORDERS** Defendant to pay $12,880 in attorney's fees, as requested by Plaintiff in ECF No. 16-2 ([Proposed] Order Granting Motion to Remand to State Court).

This Order resolves ECF Nos. 16, 17, and 27.

**IT IS SO ORDERED.**

Dated: June 6, 2024

TRINA L. THOMPSON
United States District Judge